JUDGE GRIESA

**MICHAEL J. REDENBURG, ESQ PLLC**
Michael J. Redenburg
150 Broadway, Suite 808
New York, NY 10038
Phone: (212) 240-9465

12 CV 8680

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NICK WILLIAMS,** | |
| **Plaintiff,** | **Complaint** |
| v. | **JURY TRIAL DEMANDED** |
| **THE CITY OF NEW YORK, AND NYPD Police Officer JOSEPH IERNA (Shield #8613),** | **Civ. No.:** |
| **Defendants.** | |

NOV 29 2012

## NATURE OF THE ACTION

1. This is a civil rights action alleging that the City of New York and New York City Police Officer Joseph Ierna, violated Plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that, on September 17, 2012, defendants falsely arrested him, employed excessive force, and made false allegations about him to the New York County District

Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4.  Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Nick Williams ("Plaintiff" or "Mr. Williams") is a 33 year old African American man and as such, is a member of a protected class. Plaintiff is a United States citizen and also a resident of New York County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD a department or agency of the defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

2

8.  Police Officer Joseph Ierna is a member of the New York City Police Department ("NYPD") who was acting under color of state law and in his capacity as a City law enforcement officer at all relevant times. Defendant Joseph Ierna is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect Plaintiff from unconstitutional conduct. Defendant Joseph Ierna is sued in both his individual and official capacities.

## STATEMENT OF FACTS

9.  On September 17, 2012, at approximately 8 PM, Plaintiff was lawfully present in the front of the building where his mother resides, 95 Malcolm X Blvd, New York, NY 10026, along with other individuals, including his nine year old son.

10.  At this time, Plaintiff's nine year old son, a child, was lawfully riding his bicycle at or in the vicinity of 95 Malcolm X Blvd., New York, NY 10026.

11.  Plaintiff came to notice two NYPD officers walking by, and one of the officers instructed the Plaintiff's son to "pop-a-wheelie" on his bicycle.

12.  When Plaintiff heard this, he instructed his son not to do so; parenting his son and concerned for his child's safety.

13.  This apparently agitated NYPD officer Joseph Ierna, who, in retaliation for Plaintiff's fathering of his own young child, informed Plaintiff that he was under arrest for Disorderly Conduct, a violation.

14.  At no point did NYPD officer Joseph Ierna observe Plaintiff act disorderly.

15.  The aforesaid allegation was false and asserted so that defendant Ierna could enhance his arrest record.

16. The aforesaid allegations were false and were in retaliation for Plaintiff exercising his First and Fourth Amendment rights to free speech.

17. Defendants did not have probable cause to arrest Mr. Williams.

18. There was no probable cause to believe that Mr. Williams had committed the violation of Disorderly Conduct.

19. After Plaintiff was handcuffed and falsely arrested, he was thrown into a police van.

20. Thereafter, defendants drove the police van around the neighborhood for close to two hours as the defendants arrested other individuals.

21. Plaintiff was eventually transported to the 28th Precinct, where he was held for about 6 hours while being processed.

22. Subsequently, Plaintiff was transported to Manhattan Central Booking, where he was charged with violating two subsections of NY PL§240.20. It is worth noting that NY PL §240.20 is a violation and not a crime.

23. Defendant officer Joseph Ierna misrepresented to the New York County District Attorney's Office that Plaintiff had violated two subsections of NY PL§240.20; a violation and not a crime.

24. Defendant NYPD officer Joseph Ierna swore out a Criminal Court Complaint charging Plaintiff with violating two subsections of NY PL §240.20; a violation and not a crime.

25. Defendant NYPD officer Joseph Ierna knew the statements he was swearing to were completely false, but he signed the Criminal Court Complaint nonetheless.

26. After spending approximately 14 hours in Manhattan Central Booking, Plaintiff was arraigned in Manhattan Criminal Court and he was released on his own recognizance. Plaintiff was instructed to return to court on November 20, 2012.