27. When Plaintiff returned to court on November 20, 2012, the false violation charges levied against him were dismissed.

28. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
### §1983 FALSE ARREST

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

31. Plaintiff was aware of his confinement and he did not consent to it.

32. The confinement was not otherwise privileged.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### UNLAWFUL STOP AND SEARCH

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### §1983 UNREASONABLE FORCE

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM
### §1983 FABRICATION OF EVIDENCE

40. Plaintiff repeats and realleges each and every allegation as if more fully set forth herein.

41. The individual defendant, Joseph Ierna, created false evidence against Plaintiff and forwarded such false evidence to the New York County District Attorney's Office.

42. In creating such false evidence, the defendants violated Plaintiff's constitutional right to a fair trial.

43. The aforesaid conduct by the City of New York violated Plaintiff's rights under 42 U.S.C. §1983 and the Sixth and Fourteenth Amendments to the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FIFTH CLAIM
### §1983 MALICIOUS PROSECUTION

45. Plaintiff repeats and realleges each and every allegation as if more fully set forth herein.

46. Defendant officer Joseph Ierna commenced a criminal court proceeding against Plaintiff.

47. Such proceeding was terminated in Plaintiff's favor, in that the Criminal Court proceeding - wherein Plaintiff was charged with violating 2 subsections of NY PL§240.20 (a violation, and not a crime) – was dismissed and sealed.

48. No probable cause existed for the commencement of the criminal court proceeding.

49. Defendant officer Joseph Ierna commenced the proceeding with actual malice.

50. In maliciously prosecuting Plaintiff, defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SIXTH CLAIM
### §1983 "MONELL" CLAIM

52. Plaintiff repeats realleges each and every allegation as if more fully set forth herein.

53. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

54. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training and promotion of police officers unable to discharge their duties in accordance with the constitution.

55. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

56. The City, at all relevant times, was aware that the individual defendant, Joseph Ierna, routinely commits constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

7

57. The City, at all relevant times, was aware that this individual defendant is an unfit officer who has a propensity for unconstitutional conduct.

58. These polices, practices and customs were the driving force behind Plaintiff's injuries.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SEVENTH CLAIM
### *FIRST AMENDMENT RETALIATION*

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The defendants have violated Plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely - by subjecting him to false arrest to deter the exercise of his First Amendment rights. Defendant's actions were taken in retaliation for Plaintiff's exercising his First Amendment rights.

62. As a consequence of the individual defendant's actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

63. As a direct and proximate result of the individual defendant's unlawful actions, plaintiff has suffered damages including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a.  Compensatory damages against all defendants, jointly and severally;

b.  Punitive damages in an amount to be determined by a jury;

c.  Reasonable attorneys' fees and costs;

d.  Such other relief as this Court shall deem just and proper.

Dated:   November 29, 2012
         New York, NY

s/ [signature]
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)